UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARINE VENTURES, INC | CIVIL ACTION |
| VERSUS | NO: 16-16913 |
| JAMES BREAUX | SECTION: "J"(3) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came on for a bench trial on August 11, 2017 on the severed issue of maintenance and cure. The parties stipulated that for the purposes of this trial, the sole issue to be decided was whether James Breaux forfeited his right to maintenance and cure under the *McCorpen* doctrine.

Where a ship owner requires a seaman to submit to a pre-hiring medical examination or interview, and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then the seaman is not entitled to an award of maintenance and cure. *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 559 (5th Cir. 1968). The seaman has a duty, under *McCorpen*, to disclose past injuries if asked. *Guillory v. Northbank Towing Corp.*, 92–14, 1993 WL 721991, at *2 (W.D. La. June 25, 1993). In order to prevail on its *McCorpen* defense, an employer must show that

(1) the claimant intentionally misrepresented or concealed medical facts;

(2) the non-disclosed facts were material to the employer's decision to hire the claimant; and

(3) a connection exists between the withheld information and the injury complained of in the lawsuit.

*Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005).

The "intentional concealment" prong of *McCorpen* is essentially an objective inquiry and does not require a finding of subjective intent. Failure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information therefore satisfies the "intentional concealment" requirement. *Id.* at 174-75.

Mr. Breaux failed to disclose his prior medical condition when he denied any previous problems with his back, neck or shoulders in response to specific questions on his employment application and also when he filled out the medical questionnaire in connection with his pre-employment physical examination. His testimony that he did not remember his prior injuries or medical problems is simply not credible. Neither is his refusal to even acknowledge that the markings on the questionnaires were in his own handwriting. The first element of the *McCorpen* defense is established.

The second element of the *McCorpen* defense, materiality, was also clearly established at trial. The fact that an employer asks a specific question regarding past medical history on an employment application, and that question is rationally related to the applicant's physical ability to perform his job duties, renders the information material for purposes of this analysis. *Id.* Mr. Breaux applied for the position of deckhand, obviously a heavy manual job. The questions about whether he had experienced previous back or neck problems were clearly related to his ability to perform this manual labor. By denying any previous problems, Mr. Breaux denied his employer the opportunity to further investigate and assess his physical condition in order to decide whether to hire him.

The third prong of *McCorpen* is causality, that is, whether there is a connection between the withheld information and the injury which the claimant sustained. Under the causal relationship prong, the present injury need not be identical to a previous injury. All that is required

is a causal link between the pre-existing condition or injury and the injury that occurred during the claimant's employment. The test applied is not a causation analysis in the ordinary sense, and the employer need only prove that the old injury and the new injury affected the same body part. *Wilkerson v. Loupe Construction and Consulting Co., Inc.,* 11–676, 2011 WL 4947604, at *4 (E.D. La. Oct. 18, 2011) (citing *Brown*, 410 F.3d at 176). Mr. Breaux failed to disclose several prior medical problems, including his lower back, neck and shoulder. His current injury to his lower back is clearly causally related or connected to the same part of his body. The third and final element of *McCorpen* is met.

For these reasons, the Court finds that the *McCorpen* defense has been established by Marine Ventures. Mr. Breaux forfeited his right to claim maintenance and cure.

New Orleans, Louisiana, this 16th day of August, 2017.

*(signature)*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE